IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| NOEL VALDEZ ANDRADE, § | |
|     Plaintiff, § | |
| § | |
| v. § | EP-20-CV-00220-FM-ATB |
| § | |
| U.S.D.C JUDGE MATTHEW J. § | |
| KACSMARYK, U.S.D.C MAG JUDGE § | |
| LEE ANN RENO, BRENT C. § | |
| HUCKABAY, JUDGE PAMELA C. § | |
| SIRMON, RANDALL SIMS, RICHARD § | |
| MARTINDALE, STEVEN J. DEAL, § | |
| CAMERON K. CAMARILLO, THOMAS § | |
| L. HIGHTOWER, CARLEY SNIDER, and § | |
| UNITED STATES DISTRICT COURT § | |
| CLERK-INITIALS D.A., § | |
|     Defendants. § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered the status of the above-styled and numbered cause. On July 27, 2020, Plaintiff Noel Valdez Andrade ("Plaintiff"), proceeding *pro se*, filed an application to proceed *in forma pauperis* along with a financial affidavit and a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On August 14, 2020, this Court granted Plaintiff's application, and his Complaint was thereafter filed. (ECF Nos. 2, 3). In the Order, the Court directed that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915." (ECF No. 2, p. 2). The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a), for improper venue.

1

## I. ANALYSIS

On July 27, 2020, Plaintiff initiated this cause of action in the El Paso Division, which is located in the Western District of Texas, alleging that his rights had been violated by many of the same people also involved in his federal civil lawsuit regarding his underlying state criminal prosecution[1] and a related federal civil lawsuit.[2] (ECF No. 3, p. 3-4). Plaintiff is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") and is incarcerated at the Fort Stockton N5 Unit in Fort Stockton, Texas. (*Id.* at p. 1).

When, as here, a civil action is not premised upon diversity jurisdiction, it may (except as otherwise provided by law) be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought . . ., any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Section 1406 provides:

> [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

---

[1] Plaintiff brought a lawsuit against many of these same Defendants with similar allegations in the Northern District of Texas, Amarillo Division. *See Andrade v. Amarillo Police Department and Police Officers et al*, 2:19-civ-152-z, 2020 WL 789196 (N.D. Tex. Feb. 18, 2020) (dismissing complaint with prejudice as frivolous and barred by immunity principles).

[2] Plaintiff brought a lawsuit against all of these Defendants with similar allegations in the Western District of Texas, Midland/Odessa Division. *See Andrade v. Kacsmaryk et al*, 7:20-cv-160-DC-RCG (W.D. Tex. July 21, 2020) (unpublished) (dismissing complaint for improper venue).

Plaintiff's claims appear to arise in the Amarillo Division. (*See* ECF No. 3). All Defendants are located in Amarillo, Texas. (*Id.* 3-4). Additionally, Plaintiff's Complaint only references events that took place entirely in Amarillo, Texas, which is not within the Western District of Texas, but instead, is in the Northern District of Texas. Although Plaintiff is currently confined in Fort Stockton, Texas, which is under the jurisdiction of the court in the Western District of Texas, Pecos Division, Plaintiff fails to establish a meaningful connection with the Pecos Division. Furthermore, Plaintiff's Complaint has no relation whatsoever with the El Paso Division.

For the reasons set out above, Plaintiff's claims appear to be in the wrong venue: all his claims appear to arise in the Amarillo Division. Plaintiff's claims are in no way related to the El Paso Division, where he chose to file this lawsuit, or the Pecos Division, where he is housed. Accordingly, the Court finds that Plaintiff's claims are subject to dismissal or transfer. 28 U.S.C. § 1406(a).

The Court has discretion to either dismiss Plaintiff's claims or transfer the case, *sua sponte*, pursuant to Section 1406(a). *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987). Here, the interests of justice would be best served by dismissing this case and allowing Plaintiff to refile in the correct division, if that is what he wants to do. The case is in the early stages of litigation, summons has not yet been issued for any Defendant, and the case was filed less than two month ago. *See Younce v. Beavers*, No. 2:11cv89-KS-MTP, 2011 WL 3876922, at *2 (S.D. Miss. Aug. 18, 2011) (dismissing under § 1406(a) based on these factors).

## II. CONCLUSION

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for improper venue.

**SIGNED** and **ENTERED** this 25th day of September, 2020.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**